GASTON & GASTON
A PROFESSIONAL LAW CORPORATION
David L. Skilling, State Bar Number 255844
Melissa N. Engle, State Bar Number 272741
1010 Second Ave, 24th Floor
San Diego, CA  92101
Telephone:  (619) 398-1882
Facsimile:   (619) 398-1887

Attorneys for B.I.P. Corporation, Actox Corporation,
and Nick Khatset (erroneously sued as Nikita Hatset aka Nick Rahl)

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORSAT INTERNATIONAL, INC., <br><br>  Plaintiff, <br> vs. <br><br> B.I.P. CORPORATION, <br><br>  Defendant. <br> B.I.P. CORPORATION, <br><br>  Counterclaimant, <br> vs. <br><br> NORSAT INTERNATIONAL, INC.; IK TECH; IGOR KAZHDAN aka ALEX STANTON, an individual, and DOES 1 through 20, inclusive; <br><br>  Counter-Defendants. <br><br> IK TECH CORPORATION; and IGOR KAZHDAN, an individual, <br><br>  Counterclaimants, | Case No.: 12-CV-0674 WQH NLS <br><br> B.I.P. CORPORATION'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO IK TECH AND IGOR KAZHDAN'S MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(B)6 <br><br> Judge: Hon. William Q. Hayes <br> Courtroom: 14b <br> Hearing Date: July 22, 2013 <br> Hearing Time: 11:00 a.m. |

1
B.I.P. Corporation's Memorandum of Points and Authorities in Opposition to IK Tech and Igor Kazhdan's Motion to Dismiss Pursuant to  F.R.C.P. 12(b)6

|   |   |
|---|---|
| vs. | ) |
|  | ) |
| B.I.P. CORPORATION; ACTOX CORPORATION; and NIKITA HATSET aka NICK RAHL, an individual; and DOES 1 through 10, inclusive; | ) ) ) ) ) |
| Counter-Defendants. | ) |
|  | ) |
|  | ) |

## INTRODUCTION

Pursuant to Fed. R. Civ. P. 12(b)(6), B.I.P. Corporation ("B.I.P.") respectfully submits this Memorandum in Opposition of IK Tech and Igor Kazhdan's ("Counter-Defendants") Motion to Dismiss the First, Second, Third, and Fifth Claims in B.I.P.'s First Amended Complaint ("FAC").

## STATEMENT OF FACTS

For the purposes of this motion, B.I.P. relies on the facts set forth below, which are included in its FAC and the exhibits attached thereto.

Plaintiff B.I.P. is a corporation that specializes in reselling and distributing components used in the satellite and telecommunications industry. (FAC ¶ 10.) B.I.P. has customers around the world, including the United States, Europe and Asia. (FAC ¶ 10.) One of the product lines distributed and resold by B.I.P. was manufactured by a company called Norsat. (FAC ¶ 11n.) B.I.P. and Norsat began their business relationship in

approximately 2002. B.I.P. regularly bought satellite products from Norsat for over ten years. (FAC ¶ 11.)

Kazhdan worked for B.I.P from 2004 to 2010. (FAC ¶ 12.) According to information obtained from the California Secretary of State, Kazhdan incorporated his company, IK Tech, in 2007. (FAC ¶ 12.)

In 2010, B.I.P. cut ties with Kazhdan. IK Tech and Kazhdan began to sell Norsat products to B.I.P. Customers. (FAC ¶ 13.) Many of those same customers stopped buying products from B.I.P. IK Tech and Kazhdan made false and derogatory comments about B.I.P. to its former customers to gain their business. (FAC ¶ 13.) Specifically, on or about February 2012, Counter-Defendants IK Tech and Igor Kazhdan told various third parties that B.I.P. counterfeited Norsat's products. (FAC ¶ 24.) These words were false because B.I.P. because B.I.P. has not counterfeited any of Norsat's products. (FAC ¶ 26.) Moreover, B.I.P the above statement was spoken by Counter-Defendants with malice because they knew B.I.P. had not counterfeited Norsat's products. (FAC ¶ 30.)

B.I.P. has learned that IK Tech and Igor Kazhdan are using B.I.P. created customer lists to lure customers away from B.I.P. to purchase their satellite needs with IK Tech instead. (FAC ¶ 14.) B.I.P.'s customer list had economic value and is not generally known or readily ascertainable by other persons. (FAC ¶ 14.) B.I.P. took great care and skill in creating such a customer list and in turn, B.I.P. took reasonable precautions under the circumstances to prevent disclosure of the customer list, including having all independent

contractors such as Counter-Defendants who had access to the list sign non-disclosure agreements. (FAC ¶ 14.)

Despite B.I.P.'s repeated requests, Counter-Defendants have and continue to use B.I.P.'s customer lists in an attempt to usurp all of B.I.P.'s customers. (FAC ¶ 15.)

## ARGUMENT

### A. Legal Standard

In evaluating a Rule 12(b)(6) motion, the court must construe the pleadings in the light most favorable to the non-moving party, accepting as true all material allegations in the complaint and any reasonable inferences drawn therefrom. *See, e.g., Broam v. Bogan*, 320 F. 3d 1023, 1028 (9th Cir. 2003). To overcome the motion, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, the court should grant Rule 12(b)(6) relief only if the complaint lacks either a "cognizable legal theory" or facts sufficient to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 910 F. 2d 696, 699 (9th Cir. 1990). A facial challenge to a law does not require further facts to be developed because it only constitutes a question of law. *See Fortuna Enters. L.P. v. Los Angeles*, 673 F. Supp. 2d 1000, 1003 (C.D. Cal. 2008).

### B. B.I.P. Corporation has Stated Facts Sufficient for a Defamation Claim

The Court should overrule Counter-Defendant's motion because B.I.P.'s claim for defamation is sufficiently pleaded. To plead a cause of action for defamation, a plaintiff

4

B.I.P. Corporation's Memorandum of Points and Authorities in Opposition to IK Tech and Igor Kazhdan's Motion to Dismiss Pursuant to F.R.C.P. 12(b)6

must state the exact words spoken or their substantial equivalent, *Fleet v. Tichenor*, 156 Cal. 343, 346 (1909), the publication of the words to at least one person, *Cunningham v. Simpson*, 1 Cal. 3d 301, 307 (1969), and the reason the words were defamatory. Cal. Civ. Code § 46. Further, Plaintiff only has to set out the words in the complaint so that the defendant may have notice of the particular charge which he is required to answer. *Des Granges v. Crall*, 27 Cal. App. 313, 315 (1915). There is no statutory provision requiring Plaintiff to attach a copy of any defamatory statement.

Counter-Defendants contend that B.I.P.'s allegations are without specificity. For example, Counter-Defendants contend that B.I.P. does not specify what the defamatory statement was and to whom it was directed or published and whether it was written or spoken. (Counter-Defs.' Mem. P. & A. 5.) Counter-Defendants also argue that B.I.P. cannot plead any allegations "upon information and belief." These arguments fail for various reasons.

### 1. B.I.P. has Sufficiently Pleaded each Element for Defamation

B.I.P. stated in its Complaint that on or about February 2012, Counter-Defendants IK Tech and Igor Kazhdan told various third parties that B.I.P. counterfeited Norsat's products. (Compl. ¶ 24.) These words were false because B.I.P. because B.I.P. has not counterfeited any of Norsat's products. (Compl. ¶ 26.) Moreover, B.I.P. pleaded that the above statement was *spoken* by Counter-Defendants with malice because they knew B.I.P. had not counterfeited Norsat's products. (Compl. ¶ 30.) By pleading the exact statement,

that the statement was spoken to third parties, and why the words were slanderous, B.I.P. has met its burden in pleading a defamation claim.    Accordingly, B.I.P. has sufficiently pleaded its defamation claim and the Court should overrule Defendants' motion.

### 2. Counter-Defendant's "information and belief" Argument Fails

Counter-Defendants argue that B.I.P. cannot plead any aspect of its defamation claim "upon information and belief" because it does not rise above the speculative level as set by the Twombly Court. (Counter-Defs.' Mem. P. & A. 3,4.)  However, the *Twombly* plausibility standard, which applies to all civil actions, does not prevent a plaintiff from "pleading facts alleged 'upon information and belief'" where the facts are peculiarly within the possession and control of the defendant, *see, e.g., Boykin v. KeyCorp,* 521 F.3d 202, 215 (2d Cir.2008), or where the belief is based on factual information that makes the inference of culpability plausible, *see Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009)("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). The Twombly Court stated that "[a]sking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal[ity]." *Twombly*, 550 U.S. at 556.

Here, the Court is able to draw the reasonable inference that Counter-Defendants are liable for defamation. Based on the facts pleaded, Counter-Defendants worked for B.I.P

from 2004 to 2010. (Compl. ¶ 12.) In 2010, B.I.P. cut ties with Counter-Defendants. Counter-Defendants then began to sell Norsat products to B.I.P. Customers. (Compl. ¶ 13.) Many of those same customers stopped buying products from B.I.P. Moreover, B.I.P. pleaded that on or about February 2012, Counter-Defendants told various third parties that B.I.P. counterfeited Norsat's products. (Compl. ¶ 24.) B.I.P. has further learned that IK Tech and Igor Kazhdan are using B.I.P. created customer lists to lure customers away from B.I.P. to purchase their satellite needs with IK Tech instead. (Compl. ¶ 14.) These customer lists were protected by a non-disclosure agreement which Counter-Defendants signed. (Compl. ¶ 14.) Based upon all of these facts, B.I.P. drew the reasonable inference that Counter-Defendants made the defamatory statement that B.I.P. counterfeited Norsat's products to several third-parties. Thus, the Court should deny Counter-Defendant's motion.

### C. B.I.P. Corporation's Remaining Claims are not Preempted by CUTSA

The California Uniform Trade Secrets Act ("CUTSA") preempts, displaces and supersedes all "claims based on the same nucleus of facts as trade secret misappropriation." *KC Multimedia, Inc. v. Bank of Am. Tech. & Operations*, 171 Cal. App. 4th 939, 962 (2009). IK Tech and Igor Kazhdan contend that B.I.P.'s first, third, and fifth claims for Unfair Competition (state and federal) and Intentional Interference with Economic Advantage are all preempted by CUTSA. (Counter-Defs.' Mem. P. & A. 6.)

However, CUTSA cannot preempt federal law. The fundamental federalist principle is "that state law cannot preempt a federal statute [such as the Lanham Act]."

7

B.I.P. Corporation's Memorandum of Points and Authorities in Opposition to IK Tech and Igor Kazhdan's Motion to Dismiss Pursuant to F.R.C.P. 12(b)6

*Sign Designs, Inc. v. Johnson United, Inc*., 2011 U.S. Dist. LEXIS 43184 (E.D. Cal. 2011)(citing *Chapman v. Houston Welfare Rights Org*., 411 U.S. 600, 612 (1979)). B.I.P.'s Lanham Act claim is based on federal law and thus cannot be preempted by state laws such as CUTSA. As such, the Court should deny Counter-Defendant's motion as to B.I.P.'s Lanham Act claims.

In addition, CUTSA dos not preempt all claims related to the misappropriation of trade secrets. CUTSA "identifies three categories of cases – those based on breach of contract, criminal remedies, and anything not based on misappropriation of trade secrets – that are not preempted by CUTSA." First Advantage Background Servs. Corp. v. Private Eyes, Inc., 569 F. Supp. 2d 929, 936 (N.D. Cal. 2008)(citing California Civil Code § 3426.7(b)). Here, B.I.P.'s Claim for Unfair Competition (state) is based on Cross-Defendant's derogatory comments, not trade secrets violations. (Compl. ¶¶ 33-35, 37.) Thus, B.I.P.'s claim for unfair competition is not preempted by CUTSA. Moreover, B.I.P.'s claim for Intentional Interference with Economic Advantage is based on the non-disclosure agreement that IK Tech and Igor Kazhdan had signed with B.I.P. not to disclose or misappropriate any customer lists. (Compl. ¶ 47.)  Therefore, this claim is based in contract which is expressly *not* preempted by CUTSA. Thus, the Court should deny Counter-Defendant's motion to dismiss as to B.I.P.'s first, third and fifth claims.

///

///

## **CONCLUSION**

For the reasons set forth herein, B.I.P. respectfully request this Court to deny IK Tech and Igor Kazhdan's Motion to Dismiss B.I.P.'s First, Second, Third and Fifth claims as against IK Tech and Igor Kazhdan. In the alternative, if the Court is receptive to any of Counter-Defendants arguments, the Court should grant B.I.P. leave to amend.

Respectfully submitted,

GASTON & GASTON

Dated:  July 3, 2013                           BY: */s/ Melissa N. Engle*_____
                                                                David L. Skilling
                                                                Melissa N. Engle
                                                                Attorneys for B.I.P. Corporation,
                                                                Actox Corporation, and Nick Khatset